UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN D. STEAVENS, et al.,

       Plaintiffs,

v.

CASE NO. 07-14536
HON. LAWRENCE P. ZATKOFF

ELECTRONIC DATA SYSTEMS
CORPORATION,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 12, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court upon Defendant's Motion to Dismiss Count II of Plaintiffs' First Amended Complaint [dkt. #14]. Plaintiffs have responded to the motion and Defendant has since replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion will be GRANTED.

## II. BACKGROUND

This action is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* Plaintiffs are current or former employees of Defendant whose primary job-duties included installing, maintaining, and/or supporting computer equipment as Infrastructure Analysts.

Defendant is a Delaware corporation involved in the technology-service industry that employs over 50,000 employees in forty-nine states. Defendant maintains various benefits plans for its employees including the 401(k) Plan and Retirement Plan (collectively the Plans) at issue in this case. Both Plans are governed by ERISA. Defendant is an employer and sponsor under both Plans, with a Benefits Administration Committee acting as the Plans' administrator. The Committee has discretionary power, authority, and responsibility to interpret and enforce each Plan.

In their salaried positions, Plaintiffs routinely worked in excess of forty hours per week but were not paid overtime wages because Defendant allegedly classified them as exempt from overtime requirements in violation of the FLSA. As a result of this erroneous classification, Defendant, as an administrator and fiduciary under both Plans, failed to credit Plaintiffs for the unpaid overtime under each Plan at issue. Plaintiffs claim that Defendant violated its fiduciary duties under ERISA by failing to credit them with unpaid overtime. Plaintiffs also claim that Defendant violated ERISA by not maintaining records of their overtime hours sufficient to determine the benefits due or that may become due under each Plan. Defendant now moves to dismiss Plaintiffs' ERISA claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiffs' claims. To avoid dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007). The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiffs' favor. *Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). However, a plaintiff must plead sufficient facts "to provide the grounds of his entitle[ment] to relief, [which]

requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65. A complaint cannot simply "le[ave] open the possibility that a plaintiff might establish some set of undisclosed facts to support recovery." *Id.* at 1968.

## IV. ANALYSIS

Congress enacted ERISA in order to "protect the interest of participants in employee benefit plans and their beneficiaries, ... by establishing standards of conduct, responsibility, and obligations for fiduciaries of employee benefit plans and by providing for appropriate remedies, sanctions and ready access to the Federal courts." 29 U.S.C. § 1001(b). In order to achieve its goals, ERISA imposes certain obligations on plan fiduciaries. *See id.* § 1104(a)(1). Specifically, a fiduciary owes (1) a duty of loyalty to plan participants and beneficiaries that requires it to make all decisions regarding an ERISA plan "with an eye single to the interests of the participants and beneficiaries," *Donovan v. Bierwirth*, 680 F.2d 263, 271 (2d Cir. 1982); (2) a duty of care that requires it to "act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims ...," 29 U.S.C. § 1104(a)(1)(B); *Berlin v. Michigan Bell Tel. Co.*, 858 F.2d 1154, 1162 (6th Cir. 1988); and (3) a duty to act "for the exclusive purpose" of providing benefits to plan beneficiaries, *Berlin*, 858 F.2d at 1162. Finally, fiduciaries are under an obligation to act "in accordance with the documents and instruments governing the plan," insofar as those documents are consistent with ERISA. 29 U.S.C. § 1104(a)(1)(D); *Best v. Cyrus*, 310 F.3d 932, 935 (6th Cir. 2002).

However, ERISA neither "requires employers to establish employee benefits plans" nor mandates "what kind of benefits employers must provide if they choose to have such a plan."

*Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996). Indeed, ERISA permits employers to wear two hats, acting as both an employer and plan fiduciary. *Pegram v. Herdrich*, 530 U.S. 211, 225 (2000). In that regard, an employer is only subject to fiduciary standards "to the extent that he or she exercises any discretionary authority or discretionary control respecting management of the plan, or has any discretionary authority or discretionary responsibility in the administration of the plan." *Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996) (quoting 29 U.S.C. § 1002(21)(A)) (internal quotation marks omitted). As such, "ERISA does not prohibit an employer from acting in accordance with its interests as [an] employer when not administering the plan or investing its assets." *Hickman v. Tosco Corp.*, 840 F.2d 564, 566 (8th Cir. 1988) (quoting *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1471 (11th Cir. 1986)); *see also Lockheed*, 517 U.S. at 891 (finding an employer does not act as a fiduciary when creating or amending benefits plans). Congress's allowance for dual roles and its limitation on fiduciary responsibilities reflect its judgment that ERISA should protect employee benefits without creating a system that is "so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place." *Varity*, 516 U.S. at 497 (recognizing that when interpreting and applying ERISA, courts "may have to take account of competing congressional purposes").

In Count II of their First Amended Complaint, Plaintiffs allege that Defendant violated ERISA by failing to record all of the hours they worked in excess of forty hours per week, which resulted in its failure to maintain records sufficient to determine the benefit accrual rights under Defendant's Retirement and 401(k) Plans. Plaintiffs also allege that Defendant breached its fiduciary duty to them in violation of ERISA by failing to credit them for overtime in administering both of these Plans. As a result of these violations, Plaintiffs seek injunctive relief pursuant to 29 U.S.C. § 1132(a)(3). Rather than answer Plaintiffs' complaint, Defendant filed a motion to dismiss

Count II for failure to state a claim upon which relief can be granted. Defendant argues that Plaintiffs' ERISA claims are not legally cognizable because contributions under both Plans are based on compensation actually paid to the employee, not wages that should have been paid. Defendant further maintains that its decision to classify Plaintiffs as exempt from the FLSA's overtime requirements was a business decision and not subject to fiduciary duties under ERISA. The Court agrees with Defendant.

In support of their position, Plaintiffs rely on several unpublished decisions from district courts in the Ninth Circuit. *See Rosenberg v. Int'l Bus. Machs. Corp.*, No. 06-0430, 2006 WL 1627108 (N.D. Cal. June 12, 2006); *In re Farmers Ins. Exch. Claims Representatives Overtime Pay Litig.*, No. 33-1439, 2005 WL 1972565 (D. Or. Aug. 15, 2005); *Gerlach v. Wells Fargo & Co.*, No. 05-0585 (N.D. Cal. June 13, 2005) (Pls.' Ex. 2). Each case closely parallels the facts and issues of this case; and in each case the district court, with little or no analysis, concluded that the plaintiffs' ERISA claims, while drawing a very fine line between business and fiduciary decisions, could not be dismissed at the pleading stage. None of these cases, however, adequately addressed the specific language of the benefits plans at issue and none attempted to address whether there is a fiduciary duty under ERISA, consistent with Congress's intent, to review an employer's business decisions and/or an employee's potential legal claims. Therefore, the Court is not persuaded by these decisions and finds the reasoning of two recent decisions from the District of Minnesota more compelling. *See LePage v. Blue Cross & Blue Shield of Minnesota*, No. 08-584, 2008 WL 2570815 (D. Minn. June 25, 2008); *Maranda v. Group Health Plan, Inc.*, No. 07-4655, 2008 WL 2139584 (D. Minn. May 20, 2008).

The parties in both *LePage* and *Maranda* presented claims and arguments virtually identical to the present case: the plaintiffs claimed that the defendants violated ERISA by not crediting them

with overtime pay that was allegedly withheld in violation of the FLSA based on the defendants' classification of the plaintiffs as exempt from overtime requirements. In both cases, the courts recognized, as Plaintiffs in the present case concede, that the defendants' decision to classify employees as exempt from the FLSA's overtime requirements, legal or not, was a business decision not covered by ERISA. Nevertheless, in both *LePage* and *Maranda*, the plaintiffs attempted to distinguish that business decision from the decision to credit or account for unpaid overtime hours when administering the plans in question. In *Maranda*, the court reviewed the benefits plan at issue and determined that the plaintiffs' eligible earnings consisted of compensation actually paid and did not include compensation that should have been paid. *Maranda*, 2008 WL 2139584, at *1. As such, the *Maranda* court conlcuded that "the [defendant] had no obligation to make contributions based on overtime hours for which plaintiffs received no actual compensation and was indeed following the terms of the Plan when it did not make such contributions." *Id.* at *2. Similarly, in *LePage*, the court examined the plain language of the plan at issue and determined that since it only required the defendant to credit the plan based on actual wages paid, the defendant complied with its duty to administer the plan as written. *LePage*, 2008 WL 2570815, at *6. The *LePage* court noted that "the terms of the 401(k) Plan do not impose a duty to double-check the employer's compensation determinations or investigate whether each employee might have a legal claim that could produce additional compensation." *Id.* The courts in both *LePage* and *Maranda* refused to follow the sparse reasoning in the Ninth Circuit cases Plaintiffs rely on here.

"ERISA is designed to accomplish many worthwhile objectives, but the regulation of purely corporate behavior is not one of them." *Akers v. Palmer*, 71 F.3d 226, 229 (6th Cir. 1995). "If courts did not draw a bright line between ERISA plan decisions and business decisions, an entity could be liable for every decision that affects the ERISA plan, no matter how great the benefits to

6

the business may otherwise be." *Veliz v. Cintas Corp.*, No. 03-1180, 2003 WL 23857822, at *5 (N.D. Cal. Nov. 4, 2003). Consistent with this idea, the Court finds the reasoning in *LePage* and *Maranda* persuasive. As in those cases, under both the Retirement Plan and the 401(k) Plan, eligible employees were able to contribute certain of their earnings to accounts maintained pursuant to each Plan. Defendant would then make matching contributions under both Plans tied to Plaintiffs' earnings. Under the Retirement Plan, "Earnings" are defined as "the *earnings actually paid* to an Employee by an Employer during a calendar year and reported on the Federal income tax withholding statement (Form W-2 or its subsequent equivalent) ...." Def.'s Ex. B at § 2.1(41) (emphasis added). Similarly, the 401(k) Plan defines "Compensation" as the "*total earnings* prior to withholding, as reported on Internal Revenue Service Form W-2, *paid to any Employee* by an Employer." Def.'s Ex. A at § 2.1(17) (emphasis added). Just as in *LePage* and *Maranda*, Plaintiffs assert that Defendant breached its fiduciary duty to them in violation of ERISA by failing to account for *unpaid* overtime in administering the Plans. But under both Plans, Defendant had no obligation to credit Plaintiffs with unpaid overtime because, as the *Maranda* court noted, Plaintiffs' earnings "do not include compensation that *should have been paid*." *Maranda*, 2008 WL 2139584, at *2 (emphasis added). As the administrator of the Plans, Defendant was obligated to adhere to the provisions of each Plan so long as they were not inconsistent with ERISA, which Plaintiffs have not alleged. The court in *LePage* explained that

> the decision not to pay Plaintiffs overtime does not pertain to the administration of the 401(k) Plan; rather it is a business decision and, though the decision may have impacted Plaintiffs' benefits under the Plan, it does not state a claim for breach of fiduciary duty under ERISA. Inescapably then, Plaintiffs ERISA claims are not based on any "duty with respect to the plan," 29 U.S.C. § 1104; rather they are based solely on the claim that Blue Cross, in its role as employer should have paid them overtime. As such, Plaintiffs have failed to state a legally cognizable claim with respect to the retirement plan at issue.

7

*LePage*, 2008 WL 2570815, at *6 (internal citations omitted).

The problem with Plaintiffs' argument, as recognized in *LePage*, is that it is unworkable under ERISA. Plaintiffs readily concede that Defendant can make business decisions that adversely impact their benefits without running afoul of ERISA. Nevertheless, Plaintiffs seek to impose a fiduciary duty on Defendant to investigate its business decisions in order to avoid the possibility, noted in *Gerlach*, *supra*, that a plan participant would be deprived of pension credits if an employer illegally withheld wages. But the fact is that "[s]etting compensation levels is a business decision or judgment made in connection with the on-going operation of a business," *Eckelkamp v. Beste*, 201 F. Supp. 1012, 1023 (E.D. Mo. 2002), and both legal and illegal business decisions can have negative impacts on benefits plans. Why, then, should a fiduciary not be required to oversee all business decisions regardless of their legality? The reason is that Congress did not enact ERISA to govern the propriety of any decisions made in the capacity as an employer. The propriety of those decisions is governed by other federal statutes. *See LePage*, 2008 WL 2570815, at *6 n.8 (recognizing that the plaintiffs would not be without recourse if an employer illegally withheld overtime wages).

The practical effect of the duty proposed by Plaintiffs (*i.e.*, automatically crediting employees for wages that should have been paid but were not) is that an ERISA fiduciary would have to oversee employers' business decisions to ensure that those decisions did not deprive any employee of a wage that should have been paid. Thus, if Plaintiffs' claim were to stand, an ERISA fiduciary would be required to regulate purely corporate behavior, a result Congress did not intend. *See Akers*, 71 F.3d at 229 (recognizing that the regulation of corporate behavior was not one of ERISA's goals). To the contrary, the focus of ERISA is on the management and administration of benefits plans. *See* 29 U.S.C. § 1001; *Pegram*, 530 U.S. at 232 ("[W]hen Congress took up the

subject of fiduciary responsibility under ERISA, it concentrated on fiduciaries' financial decisions, focusing on pension plans, the difficulty many retirees faced in getting the payments they expected, and the financial mismanagement that had too often deprived employees of their benefits."). Congress only sought to impose fiduciary duties on decisions dealing with plan management and administration to ensure that the funds promised to employees would be invested wisely and managed honestly. *See* 29 U.S.C. § 1002(21)(A) (limiting the definition of fiduciary under ERISA to those who exercise discretion with respect to management and administration of covered plans). If Congress intended for ERISA fiduciaries to monitor and second-guess employers' business judgments to ensure they complied with various employment laws, allowing employers to act as ERISA fiduciaries is an awkward way of doing so. It would have made more sense to preclude employers from acting as fiduciaries altogether. However, neither requiring ERISA fiduciaries to monitor all business judgments nor forbidding employers to act as fiduciaries would have been consistent with Congress's carefully-crafted goal of protecting promised retirement benefits without over-burdening employers. In both scenarios, an employer's business judgments and decisions would be subjected to continuous scrutiny, thereby increasing the cost of doing business and administering benefits plans and correspondingly decreasing employers' willingness to establish plans in the first place. *See Varity*, 516 U.S. at 497 (recognizing the need to avoid "unduly discourag[ing] employers from offering ...benefit plans in the first place"). As in *LePage*, Plaintiffs

> draw an extremely fine line between business and fiduciary decisions–namely, that a plan administrator has a fiduciary duty to second guess the employer's classification of all of its employees as exempt or nonexempt. Such a far-reaching duty would send the administration of the plan into gridlock and dramatically increase the cost of administering the plan.

*LePage*, 2008 WL 2570815, at *7. Accordingly, as in *LePage* and *Maranda*, the Court finds that Plaintiffs have failed to state a cognizable claim under ERISA.

Finally, the Court finds Count II insufficient to the extent that Plaintiffs have attempted to state a claim for a violation of ERISA's record-keeping provision, 29 U.S.C. § 1059(a)(1). Plaintiffs have not pleaded any facts to support their conclusory allegations that Defendant's records are insufficient to determine the amount of benefits due. At most, Plaintiffs have alleged that they were not paid for their overtime hours. Nowhere do Plaintiffs claim that Defendant's records inaccurately reflect these hours. Therefore, Plaintiffs have failed to state a claim under 29 U.S.C. § 1059(a)(1).

## V. CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiffs have failed to state a cognizable claim under ERISA. Accordingly,

IT IS ORDERED that Defendant's motion is GRANTED and Count II of Plaintiffs' First Amended Complaint is HEREBY DISMISSED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 12, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290