# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN STEAVENS et al.,

    Plaintiffs,

v.                                      Case No. 07-14536
                                      Hon. Lawrence P. Zatkoff

ELECTRONIC DATA SYSTEMS CORP.,

    Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 25, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss, or alternatively, Stay the Proceedings [dkt 30]. The parties have fully briefed the Motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the following reasons, Defendant's Motion is DENIED. The Court finds, however, the proper resolution of this matter is to TRANSFER the case to the United States District Court for the Southern District of New York.

## II. BACKGROUND

Plaintiffs filed their complaint alleging violations of the Fair Labor Standards Act ("FLSA") and the Employee Retirement Income Security Act ("ERISA"). The crux of Plaintiffs' complaint is that Defendant improperly classified Plaintiffs and others similarly situated as exempt from

overtime wage classifications. Plaintiffs seek relief in the form of unpaid wages and liquidated damages for their overtime hours. Defendant maintains that Plaintiffs were properly classified as exempt from overtime pay.

The Court granted Defendant's Motion to Dismiss the ERISA claim on August 12, 2008, leaving only the FLSA claim. Defendant now moves that the Court dismiss the case or stay the proceedings pending the resolution of a similar case, *Cunningham v. Electronic Data Systems Corp.*, No. 06-3530 (S.D.N.Y. 2006), citing the "first-to-file" rule. Plaintiffs agree that the rule is applicable, but argue that the proper resolution of this matter is to transfer this case to the United States District Court for the Southern District of New York. In its reply, Defendant agrees that transfer is a viable alternative, but requests that the Court consider its previously proposed solutions as well.

### III. LEGAL STANDARD

"The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2001). "[W]hen actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Id.* (citing *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). In determining the applicability of the rule, a court should consider "(1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake." *Smithers-Oasis Co. v. Clifford Sales & Mktg.*, 194 F. Supp. 2d 685, 687 (N.D. Ohio 2002). The parties and issues need not be identical; the proper inquiry is whether they "substantially overlap." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) (citations omitted).

2

"Courts have discretion to dispense with the first-to-file rule when equity so demands . . . ." *Innovation Ventures, LCC v. Custom Nutrition Labs.*, 534 F. Supp. 2d 754, 755 (E.D. Mich. 2008) (citations omitted). For example, courts may decline to enforce the rule when there is evidence of forum shopping, bad faith, or anticipatory declaratory actions. *See AmSouth Bank v. Dale*, 386 F.3d 763, 791 n. 8 (6th Cir. 2004); *Zide*, 16 Fed. Appx. at 437.

## IV. ANALYSIS

The parties are in apparent agreement that the first-to-file rule is applicable. The *Cunningham* case was clearly filed first, having been filed in 2006, while the present case was filed on October 23, 2007. *Cunningham* involves the same FLSA issues regarding classifications for overtime pay. In addition, the broader *Cunningham* class, which includes all of Defendant's employees claiming overtime wages, subsumes this putative class, which only includes a sub-category of technical employees claiming the same wages. This supports the contention that the parties are substantially similar. As such, the Court is satisfied that the first-to-file rule applies.

Although the parties agree on the applicability of the first-to-file rule, they disagree on the proper remedy. Defendant argues that the case should be dismissed or the Court should stay the proceedings pending the outcome of *Cunningham*. Plaintiffs have requested the case be transferred to the district court where *Cunningham* is pending.

[A] district court properly may dismiss a case because of a previously filed case pending before another district court . . . ." *Carter v. Bank One*, 179 Fed. Appx. 338, 340 (6th Cir. 2006). While dismissal, such as in *Carter*, is certainly within a district court's discretion, "few courts choose flatly to dismiss a second-filed suit, and in many of these cases the reason for dismissal is a court's inability to transfer." *Elite Physicians Servs., LCC v. Citicorp Credit Servs., Inc.* (*USA*),

3

No. 1:06-cv-86, 2007 WL 1100481, at *5 (E.D. Tenn. Apr. 11, 2007).

Most of the cases Defendant cites in support of dismissal are contextually different from the present case. In those cases, prospective defendants filed declaratory judgment actions in more convenient or favorable forums and then attempted to claim the protection of the first-to-file rule when the anticipated suits were filed. *See Certified Restoration Dry Cleaning Network, LCC v. Tenke Corp.*, 511 F.3d 535, 551-52 (6th Cir. 2007); *Dale*, 386 F.3d at 789-90; *Zide*, 16 Fed. Appx. at 437. Furthermore, when there is a dismissal in such cases under the first-to-file rule, it is usually the *first* case that is dismissed. *See Certified Restoration*, 511 F.3d at 552; *Dale*, 386 F.3d at 790; *Zide*, 16 Fed. Appx. at 438-39. The final cases cited on this issue do nothing to further Defendant's argument for dismissal. *See In re American Med. Sys. Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996) (stating only that "it would have been wise [for the district court] to consider AMS' motion to dismiss or transfer venue"); *Barber Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774, 778 (6th Cir. 1957) (holding that district court did not abuse its discretion by enjoining second-filed claim).

There is no evidence of forum shopping or bad faith in this matter; further, there is no declaratory judgment action at hand here or in *Cunningham*. No argument regarding the Court's ability to transfer has been presented. Therefore, Defendant has not shown that dismissal would be the best resolution under these circumstances.

Two other remedies within the Court's discretion are transferring this case to the United States District Court for the Southern District of New York or staying the case pending resolution of the *Cunningham* case. In support of transfer, Plaintiffs cite *Fuller*, where the court transferred a class-action case involving a FLSA claim to the court where a similar class-action claim was pending. 370 F. Supp. 2d at 690-91. Plaintiffs cite several other cases transferring second-filed

4

FLSA collective actions under the first-to-file rule. *See Brown v. Peco Foods, Inc.*, No. 4:07cv99, 2008 WL 4145428 (S.D. Miss. Feb. 25, 2008); *Jumapao v. Washington Mutual Bank*, No. 06-CV-2285, 2007 WL 4258636 (S.D. Cal. Nov. 30, 2007); *Benavides v. Home Depot USA, Inc.*, No. H-06-0029, 2006 WL 1406722 (S.D. Tex. May 19, 2006).

Not only does Defendant fail to rebut Plaintiffs' argument; Defendant apparently concurs with it. Furthermore, the Court finds transferring the case best supports the principles of the first-to-file rule as not doing so could result in duplicative litigation and conflicting judgments. While the Court has the discretion to stay the proceedings, *see Sharma v. Pandey*, No. 07-cv-13508, 2007 WL 4571817 (E.D. Mich. 2007) (Borman, J.), the Court finds that transferring this case best serves the interests of justice. A stay may be preferred when there are uncertainties regarding the first-filed case. *See, e.g.*, *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628-29 (9th Cir. 1991) (staying second-filed proceeding due to concerns that first-filed case might be dismissed). No such concerns are presented here, nor has Defendant provided a compelling reason for a stay as opposed to a transfer. Transferring will allow the first-filed court to decide how to best proceed with both cases, and the parties will be free to file any requests for consolidation or a stay in that court.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, or alternatively, to Stay the Proceedings [dkt 30] is DENIED. It is further ORDERED that this case be TRANSFERRED to the United States District Court for the Southern District of New York.

IT IS SO ORDERED.

                                                  S/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: November 25, 2008

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 25, 2008.

                                                  S/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290